# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2013

No. 12-30760
Summary Calendar

Lyle W. Cayce
Clerk

DERRICK ALLEN,

Plaintiff - Appellant

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Janet Napolitano, Secretary; FEDERAL EMERGENCY MANAGEMENT AGENCY,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-607

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pro se litigant Derrick Allen sued these defendants in the United States District Court for the Eastern District of Louisiana, alleging violations of Title VII of the Civil Rights Act of 1964.[1] Defendants filed an answer in which they did not object to venue. Several months later, however, they claimed that venue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 2000e et seq.

was improper and moved to dismiss or transfer the case. In March 2012, the district court granted their motion and dismissed without prejudice.

Defendants waived their objection to venue by failing to raise it in their answer.[2] Although Allen neglected to point out their waiver, the defendants expressly "do[] not oppose a remand for consideration of a transfer of venue under 28 U.S.C. § 1404(a)."

Title VII contains a specific venue provision that displaces the general venue provision set out in 28 U.S.C. § 1391.[3] Section 1404(a), however, remains applicable to Title VII claims.[4] Because a party may seek a § 1404(a) transfer of venue after filing its first responsive pleading,[5] and the defendants did so below, we REVERSE and REMAND for consideration of whether the case should be transferred.

---

[2] *See Burstein v. State Bar of California*, 693 F.2d 511, 514 n.2 (5th Cir. 1982); FED. R. CIV. P 12(h)(B).

[3] *See Tucker v. U.S. Dept. of Army*, 42 F.3d 641, *1–2 (5th Cir. 1994); *see also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases.").

[4] *See* 42 U.S.C. § 2000e-5(f)(3) ("For purposes of section 1404 and 1406 of Title 28 . . . ."); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("We note that the last sentence of this special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in this case.").

[5] *See* CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3829 (2012) ("Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or in a responsive pleading.").